IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| KONSTANTIN RUDMINSKY and MALVINA RUDMINSKY, <br><br>Plaintiff<br><br>v.<br><br>PROGRESSIVE INSURANCE COMPANY,<br><br>Defendants | ) CIVIL DIVISION<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Preferred Insurance Company, incorrectly identified as "Progressive Insurance Company" ("Progressive"), by and through its attorneys, Dapper, Baldasare, Benson, Behling & Kane, P.C., and files this Notice of Removal pursuant to 28 U.S.C. §1441, *et seq*. Progressive submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. §1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiffs Konstantin Rudminsky and Malvina Rudminsky filed a Complaint in the Court of Common Pleas of Bucks County on or about October 10, 2014. A true and correct copy of Plaintiffs' Complaint and Notice to Defend are attached hereto as Exhibit A.

2. Progressive first received a copy of the Complaint on or about October 24, 2014.

19. Progressive Preferred Insurance Company submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendants, Progressive Preferred Insurance Company removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1441.

        Respectfully submitted,

        DAPPER, BALDASARE, BENSON, BEHLING & KANE, P.C.

By: _____
Daniel J. Twilla (PA I.D. #93797)
E-mail: dtwilla@dapperlaw.com
(412) 697-4817 – Direct
Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA  15222
(412) 456-5555 – Main
(412) 456-2109 – Fax
*Attorneys for Defendant Progressive Preferred Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the ___ day of November, 2014, the within **NOTICE OF REMOVAL** was served via Federal Express, postage prepaid, upon the following:

Neil Hoffman, Esquire
Hoffman, Michaels, & Sternberg, LLC
737 Second Street Pike
Southampton, PA 18966
*Attorney for Plaintiff*

Dapper, Baldasare, Benson, Behling & Kane, P.C.

_____
Daniel J. Twilla



EXHIBIT A

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet** _____ **County**



For Prothonotary
Docket N
Case #: 2014-07111  B09  10688704
Code: 531  Judge: 27
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt 2014-36-03796  10/10/2014 1:45:22 PM

TIME STAMP  S

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint    ☐ Writ of Summons    ☐ Petition
☐ Transfer from Another Jurisdiction    ☐ Declaration of Taking

| Lead Plaintiff's Name: KONSTANTIN RUDMINSKY & MALVINA RUDMINSKY | Lead Defendant's Name: PROGRESSIVE INSURANCE COMPANY |
|---|---|
| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: NEIL HOFFMAN, ESQUIRE
☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (*does not include mass tort*)
☐ Slander/Libel/ Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☒ Other: UIM COMPLAINT

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:

*Updated 1/1/2011*

NEIL HOFFMAN, ESQUIRE
HOFFMAN, MICHELS & STERNBERG, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
IDENTIFICATION NO. 35592

KONSTANTIN RUDMINSKY and :
MALVINA RUDMINSKY, h/w :
1815 Adams Way :
Jamison, PA 18929 :
 :
          vs. :
 :
PROGRESSIVE INSURANCE COMPANY :
5165 Campus Drive, Suite 100 :
Plymouth Meeting, PA 19462 :

MAJOR CASE
JURY TRIAL DEMANDED


ATTORNEY FOR PLAINTIFFS
BUCKS COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

NO. 

Case #: 2014-07111  B09  10688704
Code: 531    Judge:27
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: 2014-36-03796  10/10/2014 1:45:22 PM

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> Buck County Bar Association
> 135 East State Street
> P.O. Box 300
> Doylestown, PA 18901
> Phone (215)348-9413,1-800-479-8585,
> Fax (215)348-3277
> www.bucksbar.org
> PA Bar Association: www.pabar.org

| | |
|---|---|
| NEIL HOFFMAN, ESQUIRE<br>HOFFMAN, MICHELS & STERNBERG, LLC<br>737 SECOND STREET PIKE<br>SOUTHAMPTON, PA 18966<br>(215) 953-8955<br>IDENTIFICATION NO. 35592 | MAJOR CASE<br>JURY TRIAL DEMANDED<br><br><br><br>ATTORNEY FOR PLAINTIFFS |
| KONSTANTIN RUDMINSKY and<br>MALVINA RUDMINSKY, h/w<br>1815 Adams Way<br>Jamison, PA 18929<br><br>vs.<br><br>PROGRESSIVE INSURANCE COMPANY<br>5165 Campus Drive, Suite 100<br>Plymouth Meeting, PA 19462 | BUCKS COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>NO. |

## CIVIL ACTION

1. Plaintiffs, KONSTANTIN RUDMINSKY (hereinafter, the "PLAINTIFF") and MALVINA RUDMINSKY, are individuals who reside at 1815 Adams Way, Jamison, Pennsylvania 18929.

2. The Defendant, PROGRESSIVE INSURANCE COMPANY (hereinafter "PROGRESSIVE") is an insurance company authorized to conduct business within the Commonwealth of Pennsylvania, which maintains a registered address for service of process at 5165 Campus Drive, Suite 100, Plymouth Meeting, Pennsylvania 19462.

3. On or about December 29, 2012, the PLAINTIFF was the operator of a 2009 Infiniti Fx35 (hereinafter, the "VEHICLE"), which VEHICLE was involved in the accident hereinafter more fully set forth.

4. On or about December 29, 2012, at approximately 1:45 p.m., the PLAINTIFF's VEHICLE was traveling northbound on York Road, at or near its intersection with Tulip Road, both

public highways located within the Township of Warwick, County of Bucks, Commonwealth of Pennsylvania.

5. At the aforementioned time and place, another vehicle owned and operated by NICHOLAS WILLIAMS and/or RONALD WILLIAMS (hereinafter, the "TORTFEASORS") was traveling southbound on York Road, when the TORTFEASORS' vehicle, suddenly and without warning, crossed over into the northbound lane of travel and struck the PLAINTIFF's VEHICLE (hereinafter, the "ACCIDENT").

6. As a direct result of the ACCIDENT, the PLAINTIFF sustained serious personal injuries in and about his body, including but not limited to: nondisplaced fracture of the left C7 lamina extending to the left C6-7 neural foramina confirmed by CT Scan and/or nondisplaced fractures of the left facet joints at C6 and C7 confirmed by MRI, disc protrusion at C6-7 confirmed by MRI, para-tendonitis of the right shoulder confirmed by MRI, bone bruise within the right greater tuberosity region confirmed by MRI, residual sensory disturbance in the right upper extremity, motor disturbance in the right shoulder region with limited mobility and scapular winging, right shoulder impingement syndrome, right upper extremity numbness and radiculitis, right forehead laceration requiring sutures, cervical sprain and strain and a severe and permanent shock to his nervous system, all of which have caused him and will continue to cause him great pain and agony and have prevented him and will continue to prevent him in the future from attending to his daily duties and occupation, all to his great financial damage and loss.

7. As a direct and proximate result of the ACCIDENT, the PLAINTIFF has been or will be obliged to receive and undergo medical care and attention, to expend various sums of money and to incur expenses for the injuries he suffered, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time into the future.

8. As a direct and proximate result of the ACCIDENT, the PLAINTIFF has in the past and may in the future be unable to attend to his usual duties all to his great detriment and loss.

9. As a direct and proximate result of the ACCIDENT, the PLAINTIFF has in the past undergone great physical pain, suffering and mental anguish and may continue to endure the same for an indefinite time in the future all to his great detriment and loss.

10. As a direct and proximate result of the ACCIDENT, the PLAINTIFF has or may hereinafter incur other financial expense or losses which may or will exceed the amounts which he may otherwise be entitled to receive under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1701 et. seq., for which he claim damages herein.

11. As a direct and proximate result of the ACCIDENT, the PLAINTIFF has in the past and may in the future suffer a severe loss of earnings and impairment of his earning capacity and power all to his great detriment and loss.

12. At the time of the ACCIDENT, the TORTFEASORS were insured by Liberty Mutual Insurance Company, which policy maintained bodily injury liability limits in the amount of $100,000.00.

13. The TORTFEASORS' bodily injury liability limits are not enough to compensate the PLAINTIFF for the injuries he sustained in the ACCIDENT.

14. At the time of the ACCIDENT, the Plaintiffs were insured by PROGRESSIVE under policy number 66116562-5 (hereinafter "POLICY"), which POLICY included coverage for the VEHICLE. A copy of the Declaration Page for the POLICY, issued by PROGRESSIVE to the Plaintiffs, is attached hereto as Exhibit "A".

15. Pursuant to language found within the POLICY, the PLAINTIFF is considered both an Insured and an Underinsured Motorists.

16. At the time the Plaintiffs purchased the POLICY from PROGRESSIVE, they elected to purchase underinsured motorist benefits (hereinafter, "UIM BENEFITS"), for which they paid to, and PROGRESSIVE accepted, increased premium payments.

17. At the time the Plaintiffs purchased the POLICY, they also elected to stack their UIM BENEFITS over the two (2) vehicles insured under the POLICY, thereby increasing their available UIM BENEFITS in order to protect themselves and those considered to be insureds under the POLICY, and as a result of that election to stack their UIM BENEFITS, the Plaintiffs paid to, and PROGRESSIVE accepted, increased premium payments.

18. At the time of the ACCIDENT, the POLICY maintained $50,000.00 in UIM BENEFITS per vehicle, but because the Plaintiffs elected to stack their UIM BENEFITS, the PLAINTIFF is entitled to receive up to $100,000.00 in UIM BENEFITS coverage from PROGRESSIVE under the POLICY.

19. By letter dated June 13, 2014, the Plaintiffs notified PROGRESSIVE of their intention to enter into a settlement with the TORTFEASORS and to pursue a claim for UIM BENEFITS.

20. By letter dated June 19, 2014, PROGRESSIVE consented to the Plaintiffs settlement with the TORTFEASORS and waived their subrogation rights in the matter.

21. By letters dated February 11, 2014 and June 24, 2014, Plaintiffs forwarded to PROGRESSIVE a copy of all available medical records and reports pertaining to the injuries sustained by the PLAINTIFF in the ACCIDENT, his medical condition, the treatment he received and his prognosis.

22. The medical records forwarded to PROGRESSIVE establishes that the PLAINTIFF followed an extended course of treatment with a number of medical providers for the aforesaid injuries he sustained in the ACCIDENT.

23. The PLAINTIFF's medical records clearly establish that he suffered and continues to suffer severe and permanent injuries as a result of the ACCIDENT.

24. By letter dated July 15, 2014, PROGRESSIVE made an offer to settle the PLAINTIFF's UIM BENEFITS claim in the amount of $1,500.00, which offer was neither reasonable nor fair based upon the evidence provided to it by the Plaintiffs.

25. Accordingly, Plaintiffs rejected PROGRESSIVE's offers of settlement and have, on numerous occasions, requested that PROGRESSIVE tender its stacked UIM BENEFITS limits under the POLICY, to the PLAINTIFF, based upon the evidence provided to it.

26. However, to date, PROGRESSIVE has refused to negotiate a fair, reasonable and amicable resolution of the PLAINTIFF's UIM BENEFITS claim.

## COUNT I
## BREACH OF CONTRACT
## KONSTANTIN RUDMINSKY V. PROGRESSIVE

27. Plaintiff, KONSTANTIN RUDMINSKY, incorporates herein, by reference, the averments contained in Paragraphs 1 through 26 as though the same were more fully set forth herein.

28. The PLAINTIFF has fully complied with all of the terms, conditions and duties required under the POLICY.

29. PROGRESSIVE has failed to objectively and fairly evaluate the PLAINTIFF's UIM BENEFITS claim.

30. PROGRESSIVE has failed to promptly offer payment of the reasonable and fair value of the PLAINTIFF's UIM BENEFITS claims.

31. PROGRESSIVE has failed to reasonably investigate the PLAINTIFF's UIM BENEFITS claim inasmuch as a thorough and proper inquiry would have revealed that the PLAINTIFF sustained serious and permanent injuries as a direct result of the ACCIDENT.

32. For the reasons set forth above, PROGRESSIVE has violated its obligations under the POLICY it issued to the Plaintiffs.

WHEREFORE, Plaintiff, KONSTANTIN RUDMINSKY, respectfully requests that this Honorable Court grant judgment in his favor and against the Defendant, PROGRESSIVE INSURANCE COMPANY, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

## COUNT II
## BAD FAITH
## KONSTANTIN RUDMINSKY v. PROGRESSIVE

33. Plaintiff, KONSTANTIN RUDMINSKY, incorporates herein, by reference, the averments contained in Paragraphs 1 through 32 as though the same were more fully set forth herein.

34. The actions and/or inactions of PROGRESSIVE in the handling of the PLAINTIFF's UIM BENEFITS claim constitute bad faith, as defined under 42 Pa. C.S.A. §8371, as follows:

    (a) Failing to objectively and fairly evaluate the PLAINTIFF's claim;

    (b) Engaging in dilatory and abusive claims handling;

    (c) Failing to adopt and/or implement reasonable standards in evaluating the PLAINTIFF's UIM BENEFITS claim;

(d) Acting unreasonably and unfairly in response to the PLAINTIFF's UIM BENEFITS claim;

(e) Not attempting, in good faith, to effectuate a fair, prompt and equitable settlement of the PLAINTIFF's UIM BENEFITS claim in which the Defendant's liability under the POLICY has become reasonably clear;

(f) Subordinating the interest of its insureds to its own financial monetary interest;

(g) Failing promptly to offer payments to the PLAINTIFF;

(h) Failing to reasonably evaluate and/or review the medical documents in Defendant's possession;

(I) Violating its fiduciary duty owed to the PLAINTIFF;

(j) Compelling its insured to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between the PLAINTIFF and Defendant exists;

(k) Compelling the PLAINTIFF to litigate their claims to recover amounts due under the POLICY;

(l) Failing to make an honest, intelligent and objective settlement offer;

(m) Causing the PLAINTIFF to expend money on the presentation of her claim;

(n) Causing the PLAINTIFF to bear the stress and anxiety associated with litigation; and

(o) Otherwise acting unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to the PLAINTIFF.

35. As the PLAINTIFF's insurer, PROGRESSIVE owes a fiduciary, contractual and statutory obligation to him.

36. At all relevant times, the PLAINTIFF has complied with the terms and conditions precedent and subsequent to his right to recovery under the POLICY.

37. For all of the reasons set forth above, PROGRESSIVE has violated the POLICY and its obligations to an insurer; has failed to act in good faith towards the PLAINTIFF; has violated 42

Pa. C.S.A. §8371, for which PROGRESSIVE is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

38. PROGRESSIVE has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the PLAINTIFF, its insureds, and is liable for bad faith conduct.

WHEREFORE, Plaintiff, KONSTANTIN RUDMINSKY, respectfully requests that this Honorable Court grant judgment in his favor and against the Defendant, PROGRESSIVE INSURANCE COMPANY, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

## COUNT III
## LOSS OF CONSORTIUM
## MALVINA RUDMINSKY v. PROGRESSIVE

39. Plaintiff, MALVINA RUDMINSKY, incorporates herein, by reference, the averments contained in Paragraphs 1 through 38 as though the same were more fully set forth herein.

40. Plaintiff, MALVINA RUDMINSKY, is the wife of the PLAINTIFF and resides with him at 1815 Adams Way, Jamison, Pennsylvania 18966.

41. As a direct result of the aforesaid motor vehicle accident, Plaintiff, MALVINA RUDMINSKY, was for a period of time deprived, may and probably will in the future be deprived of the society, assistance and support of her husband, which has been and will continue to be to her great financial, physical, psychological and emotional damage and loss.

42. The TORTFEASOR's bodily injury liability limits are not enough to compensate the Plaintiffs for the injuries they sustained as a result of the subject accident.

WHEREFORE, Plaintiff, MALVINA RUDMINSKY, respectfully requests that this Honorable Court grant judgment in her favor and against the Defendant, PROGRESSIVE INSURANCE COMPANY, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

_____
NEIL HOFFMAN, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

I, KONSTANTIN RUDMINSKY, verify that the statements made in this pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. '4904, relating to unsworn falsifications to authorities.

_____
KONSTANTIN RUDMINSKY

_____
Dated:



Exhibit A

MORAN INS AGENCY
PO BOX 80
SALFORD, PA 18957

**PROGRESSIVE®**
*DRIVE Insurance*

**Policy Number: 66116562-5**
Underwritten by:
Progressive Preferred Insurance Co
October 19, 2012
Policy Period: Nov 26, 2012 - May 26, 2013
Page 1 of 3

MALVINA RUDMINSKY
KONSTANTIN RUDMINSKY
1815 ADAMS WAY
JAMISON, PA 18929

**1-215-234-1852**
**MORAN INS AGENCY**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance Coverage Summary
## This is your Renewal Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on November 26, 2012 at 12:01 a.m. This policy expires on May 26, 2013 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 9610A PA (05/06). The contract is modified by forms Z445 PA (03/07), Z538 (10/08), Z763 PA (05/09) and 4884 (10/08).

## COLLISION COVERAGE FOR RENTAL VEHICLES

**IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.**

## FRAUD NOTICE

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## Underwriting Company

Progressive Preferred Insurance Co
P.O. Box 6807
Cleveland, OH 44101
1-800-876-5581

## Drivers and household residents

| Name | Additional information |
|---|---|
| MALVINA RUDMINSKY | First Named insured |
| KONSTANTIN RUDMINSKY | Named insured |

Form 6489 PA (12/10)


Continued

Policy Number: 66116562-5
MALVINA RUDMINSKY
KONSTANTIN RUDMINSKY
Page 2 of 3

## Outline of coverage

### 2008 Lexus GX 470
VIN JTJBT20X780154691
Primary use of the vehicle: Commute

|  | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others |  |  | $202 |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident |  |  |
| Property Damage Liability | $100,000 each accident |  |  |
| First Party Benefits |  |  | 37 |
| Medical Expenses | $5,000 each person |  |  |
| Uninsured Motorist - Stacked | $50,000 each person/$100,000 each accident |  | 12 |
| Underinsured Motorist - Stacked | $50,000 each person/$100,000 each accident |  | 37 |
| Comprehensive | Actual Cash Value | $100 | 56 |
| Collision | Actual Cash Value | $500 | 110 |
| Rental Reimbursement | up to $40 each day/maximum 30 days |  | 13 |
| Total premium for 2008 Lexus |  |  | $467 |

### 2009 Infiniti Fx35
VIN JNRAS18W29M150999
Primary use of the vehicle: Pleasure

|  | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others |  |  | $145 |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident |  |  |
| Property Damage Liability | $100,000 each accident |  |  |
| First Party Benefits |  |  | 22 |
| Medical Expenses | $5,000 each person |  |  |
| Uninsured Motorist - Stacked | $50,000 each person/$100,000 each accident |  | 12 |
| Underinsured Motorist - Stacked | $50,000 each person/$100,000 each accident |  | 35 |
| Comprehensive | Actual Cash Value | $100 | 33 |
| Collision | Actual Cash Value | $500 | 115 |
| Rental Reimbursement | up to $40 each day/maximum 30 days |  | 13 |
| Roadside Assistance |  |  | 1 |
| Total premium for 2009 Infiniti |  |  | $376 |
| **Total 6 month policy premium** |  |  | **$843.00** |
| Discount if paid in full |  |  | -141.00 |
| **Total 6 month policy premium if paid in full** |  |  | **$702.00** |

## Premium discounts

| Policy | |
|---|---|
| 66116562-5 | Home Owner, Three-Year Safe Driving, Paperless, Five-Year Accident Free, Multi-Car and Continuous Insurance: Diamond |

| Vehicle | |
|---|---|
| 2008 Lexus GX 470 | Airbag and Anti-Theft Device |
| 2009 Infiniti Fx35 | Airbag and Anti-Theft Device |

## Tort Option

This policy provides full tort insurance.

Form 6489 PA (12/10)


Continued

Policy Number: 66116562-5
MALVINA RUDMINSKY
KONSTANTIN RUDMINSKY
Page 3 of 3

## Notice of Available Premium Discounts

You may be eligible for discounts mandated by Act 6 of 1990:

- on first party benefits coverage if your car is equipped with a passive restraint system
- on comprehensive coverage if your car is equipped with a passive anti-theft device
- if all named insureds are 55 or older and have successfully completed a motor vehicle driver improvement course approved by PennDOT.

If you have any questions about your eligibility, please contact your agent.

## Company officers

President

Secretary

Form 6489 PA (12/10)